[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13849

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICKY LEE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:18-cr-00068-RV-1

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Ricky Lee Jackson, a federal prisoner, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In response, the government moves for summary affirmance of the district court's order. After careful consideration, we conclude that summary affirmance is appropriate and grant the government's motion.

## I.

In 2019, Jackson pled guilty to possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He had, as the district court put it, a "very significant past criminal history" with "about as many" criminal history points and arrests as the court had ever seen. The district court sentenced him to ninety-six months' imprisonment.

A little less than two years after his sentencing, in February 2021, Jackson filed a *pro se* motion for compassionate release under Section 3582(c)(1)(A)(i). He contended that the risk of COVID-19, combined with his underlying health conditions of chronic obstructive pulmonary disease, diabetes, hypertension, high cholesterol, and post-traumatic stress disorder amounted to an extraordinary and compelling reason for a sentence reduction. He argued that his health conditions made it difficult for him to recover after testing positive for COVID-19 in January 2021, and he feared he would die

if he contracted a new variant of the virus. The district court dismissed Jackson's motion without prejudice for failure to exhaust his administrative remedies. The district court provided, however, "If evaluated on the merits, the motion would also have to be denied upon full consideration of the factors in Title 18, United States Code, Section 3553(a)."

Jackson filed a second Section 3582(c)(1)(A) motion for compassionate release in September 2021, this time demonstrating that he had sufficiently exhausted his administrative remedies. The district court denied the motion, referring to its prior order. It additionally stated that Jackson had "already fully recovered from an infection of COVID-19, and ha[d] also refused to be vaccinated." This appeal followed. The government moved for summary affirmance of the district court's order  or to stay the briefing schedule in the alternative.

## II.

Summary disposition is appropriate where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper

procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

## III.

Jackson argues that the district court erred as a matter of law because its order denying his second motion for compassionate release was too "barebone, boilerplate, conclusory, and sparse" to allow for meaningful appellate review. He also disputes that his COVID-19 recovery and lack of vaccination prevent him from obtaining compassionate release and argues that, even without the COVID-19 pandemic, his medical records demonstrate several chronic conditions warranting compassionate release. We disagree.

Section 3582(c)(1)(A) gives district courts the discretion to reduce a criminal defendant's sentence for "extraordinary and compelling reasons." We have held that the Sentencing Commission's policy statement governing compassionate release, United States Sentencing Guidelines Manual § 1B1.13, defines the universe of "extraordinary and compelling" reasons that may justify a reduced sentence. *United States v. Bryant*, 996 F.3d 1243, 1251−52 (11th Cir. 2021); U.S.S.G. § 1B1.13 cmt. n.1(A)(ii) (defining a medical condition as extraordinary and compelling when "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care

within the environment of a correctional facility and from which he or she is not expected to recover").

Where a defendant is eligible for relief, the court must consider "the applicable § 3553(a) factors" in deciding whether to grant or deny the defendant's motion. *United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021). Section 3553(a) factors include the offense's nature and circumstances, the defendant's history and characteristics, the need to protect the public, the kinds of sentences available, the applicable guideline range, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

The weight given to any of the § 3553(a) factors is "committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016); *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). The court need not state that it has explicitly considered each of the Section 3553(a) factors or discuss each factor. *Id.* at 1326. Instead, "an acknowledgment by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *United States v. Tinker*, 14 F.4th 1234, 1241 (2021) (quoting *United States v. Taylor*, 997 F.3d 1354 (11th Cir. 2021)). Even when a criminal defendant is eligible for compassionate release, his motion cannot be granted unless the § 3553(a) factors weight in favor of compassionate release. *See id.* at 1237–38 ("Because all three conditions— i.e., support in § 3553(a) factors, extraordinary and compelling reasons, and adherence to the § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction.").

Here, we agree with the government that there is no substantial question that the district court acted within its discretion in denying Jackson's motion for compassionate release based on the Section 3553(a) factors. By referencing its prior order, the district court provided sufficient information for us to meaningfully review its decision. Contrary to Jackson's argument that the court's reasoning was insufficiently "sparse," the court explicitly acknowledged that it considered the Section 3553(a) factors in denying both Jackson's first and second motions for compassionate release. The court was not required to discuss each factor explicitly. *Kuhlman*, 711 F.3d at 1326.

We need not address Jackson's second argument—that his infection and recovery from COVID-19 did not affect the "extraordinary and compelling" nature of his medical conditions—because the district court's finding that the Section 3553(a) factors do not warrant a sentencing reduction forecloses relief. *See Tinker*, 14 F.4th at 1237−38.

The district court did not abuse its discretion. Accordingly, we **GRANT** the government's motion for summary affirmance. We **DENY** all other pending motions as moot. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.